UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDERICK JAMES COLLETTE (#462173)     CIVIL ACTION

VERSUS

SERGEANT TOLLIVER, ET AL.     NO. 10-0622-RET-DLD

## RULING ON MOTION

This matter comes before the Court on the Motion to Dismiss of defendant Burl Cain, rec.doc.no. 13. This motion is not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Sgt. Tolliver, complaining that his constitutional rights were violated on May 22, 2009, when defendant Tolliver allegedly threw a padlock which struck the plaintiff over the right eye.

The defendant's motion is well-taken. Specifically, the plaintiff fails to allege in his Complaint that defendant Cain, the Warden at LSP, had any direct or personal involvement in the incident complained of. Pursuant to Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983), in order for a defendant to be liable under § 1983, the defendant must have been personally involved in conduct causing the alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of the defendant and the constitutional violation sought to be redressed. Any allegation that defendant Cain is responsible for the actions of his subordinate employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, inasmuch as Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a claim be dismissed if a plaintiff fails "to state a claim upon which relief can be granted," see Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and inasmuch as the plaintiff has failed to allege any facts

suggesting that defendant Cain bears any responsibility for the alleged improper conduct of Sgt. Tolliver,

**IT IS ORDERED** that the Motion to Dismiss of defendant Burl Cain, rec.doc.no. 13, be and it is hereby **GRANTED**, dismissing the plaintiff's claims asserted against this defendant, with prejudice.

**IT IS FURTHER ORDERED** that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on this 16th day of August, 2011.

JAMES J. BRADY
**UNITED STATES DISTRICT JUDGE**